R. GUY COLE, Jr., Circuit Judge,
concurring.
I concur in the majority’s opinion but write separately to clarify what I take to be the basis for today’s majority holding: the fact that plaintiffs have effectively artfully pleaded what are essentially contractual claims, in an attempt to avoid the jurisdictional bar of the Contracts Dispute Act (“CDA”).
The CDA establishes exclusive Court of Federal Claims jurisdiction over claims against the federal government that are *771 “essentially contractual” in nature. See RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1136 (6th Cir.1996). Such exclusive jurisdiction would be meaningless if every claim could be artfully pleaded in such a fashion as to avoid this jurisdictional bar. As the majority notes, nearly any contract claim can be restated as a tort claim. Ante at 770 (Maj.Op.); see also Melanson v. United Air Lines, Inc., 931 F.2d 558, 561 n. 1 (9th Cir.1991). Similarly, nearly every contract claim against a federal agency could be restated as a claim that the agency at issue has violated some internal regulation, or that the agency has acted in an arbitrary or capricious manner. See, e.g., Ingersoll-Rand Co. v. United States, 780 F.2d 74, 77 (D.C.Cir.1985). As a result, along with the majority, I would examine the claims here to determine if they are actually contractual claims in other claims’ clothing.
Courts have long applied this sort of “artful pleading” test in many jurisdictional contexts. See, e.g., Harrow v. Prudential Ins. Co., 279 F.3d 244, 253 (3d Cir.2002) (“Plaintiffs cannot circumvent the exhaustion requirement by artfully pleading benefit claims as breach of fiduciary duty claims.”); Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1231 (6th Cir.1995) (“We refuse to allow a party’s solemn promise to be defeated by artful pleading.”); Lambert v. Kysar, 983 F.2d 1110, 1121 (1st Cir.1993) (“We cannot accept the invitation to reward attempts to evade enforcement of forum selection agreements through artful pleading of tort claims in the context of a contract dispute.”) (internal punctuation and citation omitted); see also B & B Trucking v. USPS, 363 F.3d 404, 425 (6th Cir.2004) (Op. of Cook, J., dissenting) (citing many of these and other such cases). But see Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 12 (1st Cir.2004) (“[W]e are skeptical of the applicability of the artful pleading doctrine outside of complete federal preemption of a state cause of action.”). I see no reason why the artful pleading doctrine ought not be applied here.
In the instant case, I agree with both the majority and the dissent that the' proper question as to whether the CDA prohibits district court jurisdiction under the RMI Titanium / Megapulse test involves an examination of the “rights and remedies” set forth in the complaint. See RMI Titanium, 78 F.3d at 1136 (quoting Megapulse, Inc. v. Lewis, 672 F.2d 959, 967 (D.C.Cir.1982)). However, I see the underlying rights presented by the plaintiffs here as contractual in nature, despite the fact that their complaint appears on its face to discuss only non-contractual rights.
The truckers first complain that the USPS is interfering with their Fifth Amendment rights. However, the types of interference that the truckers describe do not involve any actions other than instructions to comply with contract provisions. For example, the truckers claim that the USPS is intruding upon their land, in violation of their Fifth Amendment rights, by requiring fuel suppliers to fill the fuel tanks at the truckers’ depots. But armed federal officers are not physically intruding onto the truckers’ land and pumping unwanted fuel into the truckers’ fuel tanks. Rather, the USPS has merely amended the contracts, in accordance with the terms of those contracts, and instructed the truckers to comply with the new terms. The truckers, of course, could refuse to comply, and risk losing their contracts or being in breach, but no actual “trespass” or “taking” is occurring outside of the bounds of the contract mechanism. Thus these claims are essentially contractual, despite the truckers’ efforts to cloak them in Fifth Amendment garb; any “taking” or interference with the truckers’ property that has occurred here has only occurred via contractual means, just as any “rights” *772 with which the USPS is interfering are those resulting from the contracts. And similar arguments can be made about the truckers’ remaining Fifth Amendment claims. Accordingly, these claims are “essentially contractual.”
In reaching this conclusion, it is not important that the USPS’s defense would be based on the contracts at issue. I agree with the dissent that the existence of a viable contract-based defense does not render district court jurisdiction inappropriate. See, e.g., Post at 776-77 (Op. of Martin, J., dissenting); Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 4 (D.C.Cir.1998) (noting that the existence of relevant contract-related issues does not render a claim “essentially contractual”). For example, suppose the aforementioned armed federal agents had entered onto the truckers’ property without permission, asserting “We are only pumping fuel here because the contracts say we can.” In such a situation, I would have no difficulty finding district court jurisdiction over the truckers’ Fifth Amendment trespass claims, despite the fact that the government’s defense would rely exclusively on rights granted by contract. However, the appropriate inquiry (in which I take the majority opinion to have engaged, and with which I agree) does not take possible defenses into account. Rather, it examines the claims to determine their underlying source and whether the claims are merely being artfully pleaded to avoid the CDA’s jurisdictional bar. In the instant case such an inquiry results in a determination that the truckers’ complaint effectively asserts only contractual causes of action cloaked in non-contractual language. I reach this conclusion without reference to the USPS’s possible defenses.
Further, I agree with the majority that the fact that the truckers have claimed that the USPS’s actions in attempting to enforce its contracts were contrary to its regulations and were arbitrary and capricious does not automatically render such claims non-contractual. The dissent evaluates these claims facially without examining the effect that its proposed holding would have on the CDA’s enforcement scheme. It stretches the imagination to think of a contract dispute that could not be argued under a “contrary to controlling regulations” or “arbitrary and capricious” theory. See, e.g., Int’l Eng’g Co., Div. of A-T-O, Inc. v. Richardson, 512 F.2d 573, 580 (D.C.Cir.1975) (“[I]t is hard to conceive of a claim falling no matter how squarely within the [CDA] which could not be urged to involve as well agency error subject to review under the APA.”); see also Megapulse, 672 F.2d at 967 (“[A] plaintiff whose claims against the United States are essentially contractual should not be allowed to avoid the jurisdictional ... restrictions of the [CDA] by casting its pleadings in terms that would enable a district court to exercise jurisdiction under a separate statute and enlarged waivers of sovereign immunity, as under the APA.”). As a result, mere acceptance of a plaintiffs assertion of district court jurisdiction over such “due process”-style claims cannot be proper.
In such a case, a court should determine whether the underlying claim is essentially contractual or not. Failure to engage in this sort of artful pleading analysis would result in the effective evisceration of the jurisdictional bar of the CDA — a state of affairs Congress cannot have intended. I thus agree with the majority that such an inquiry is required over these sorts of due process claims, and that the claims at issue in the instant case are essentially contractual for these purposes.
Finally, regardless of how one characterizes the remedies requested by the truckers, the outcomes the truckers expect from their requested remedies could, as *773 the majority notes, just as easily be gained from a reformation of the contracts at issue. This remedy is well within the power of the Court of Federal Claims. See, e.g., Beta Sys., Inc. v. United States, 838 F.2d 1179 (Fed.Cir.1988). As a result, and in contrast to the dissent, I would find that the fact that the specific remedies requested by the truckers are not within the Court of Federal Claims’s power should not weigh against exclusive Court of Federal Claims jurisdiction.
Accordingly, I concur in affirming the judgment of the district court.